Filed 4/6/16  P. v. Garcia CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B260923 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA062237) |
| v. | |
| AARON REYNOSO GARCIA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Affirmed as modified.

Joseph Robert Escobosa, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Robert C. Schneider, Deputy Attorney General, for Plaintiff and Respondent.

_____

On February 26, 2014 in the City of Palmdale, Aaron Reynoso Garcia (Garcia) and two other men approached an unarmed pedestrian, threatened him with a gun and stole his wallet containing money and various forms of identification. After the three men drove off in a black Expedition, the victim called 911 to report the crime and provided a description of the vehicle. While the victim was on the call with the 911 operator, the police conducted a traffic stop on the black Expedition; Garcia, the driver, and two other men were in the vehicle. The police recovered the victim's wallet from inside the vehicle. On July 22 and 23, 2014, a jury convicted Garcia of second degree robbery (count 1) and possession of ammunition by a felon (count 2). Garcia admitted to two prior offenses: a juvenile adjudication for assault with a firearm and an adult conviction for voluntary manslaughter. On count 1, because of the two priors pursuant to the "Three Strikes" law, Penal Code section 667, subdivisions (b) to (i),[1] the trial court sentenced Garcia to 25 years to life as the base term. Then, the trial court added a five-year enhancement for each of the two priors as serious felonies pursuant to section 667, subdivision (a), for a total of two five-year enhancements. On count 2, the trial court imposed one-third of the midterm of eight months, doubled to 16 months pursuant to the Three Strikes law. In total, the trial court sentenced Garcia to 11 years and 4 months, plus 25 years to life in state prison.

The only issue on appeal is whether the trial court appropriately imposed an additional five-year sentence enhancement based on Garcia's prior juvenile adjudication for assault with a firearm pursuant to section 667, subdivision (a). Subdivision (a) provides that any person "convicted of a serious felony who previously has been convicted of a serious felony" shall receive an additional "five-year enhancement for each such prior conviction." Garcia contends that a juvenile adjudication is not a serious

---

[1] All further statutory references are to the Penal Code.

2

felony conviction under that statutory provision.  We agree and strike one of the five-year serious felony enhancements.

## BACKGROUND

### I.      Relevant statutory provisions

Section 667, subdivision (a), provides that any person "convicted of a serious felony who previously has been convicted of a serious felony" shall receive an additional "five-year enhancement for each such prior conviction."

The Three Strikes law in section 667, subdivisions (b) to (i) mandates that "if a defendant has two or more prior serious and/or violent felony convictions as defined in subdivision (d) that have been pled and proved, the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greatest of:  [¶]  (i) Three times the term otherwise provided as punishment for each current felony conviction subsequent to the two or more prior serious and/or violent felony convictions.  [¶]  (ii) Imprisonment in the state prison for 25 years.  [¶]  (iii) The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046."  (§ 667, subd. (e)(2)(A).)  Subdivision (d) then defines that "for the purposes of subdivisions (b) to (i), inclusive, . . . [¶] . . . [¶] . . . [a] prior juvenile adjudication shall constitute a prior serious and/or violent felony conviction for purposes of sentence enhancement" if certain conditions apply.

### II.     Facts of the case

#### A.      *Garcia's two prior offenses*

##### 1.      **First prior:  juvenile adjudication for assault with a firearm**

In 1995, in case No. PJ06171, a juvenile court sustained a petition against Garcia for assault with a firearm in violation of section 245, subdivision (a)(2).

##### 2.      **Second prior:  adult conviction for voluntary manslaughter**

Also in 1995, in case No. LA032732, Garcia committed an offense that led to a jury trial in 2000 and an adult conviction of first degree murder, a felony in violation of

section 187.  In 2007, the court vacated the murder conviction, and he pleaded guilty to voluntary manslaughter, also a felony in violation of section 192, subdivision (a).  It is unclear from the record whether Garcia's release from prison occurred in 2010 or 2013.

### B.    *Offense in this case*

Garcia and two other men committed an armed robbery together in the City of Palmdale.  Around 5:30 p.m. to 6:00 p.m. on February 26, 2014, the 54-year-old victim had been walking alone when the three men approached in a truck.  One of the three men exited the truck, displayed a gun, chambered a round, and demanded that the victim turn over his wallet and money, which the victim did.  After the three men drove off, the victim reported the crime to the police, including a description of the perpetrators' vehicle.  While the victim was on the phone with the 911 operator, the police found a vehicle matching the victim's description.

During a traffic stop, the police detained the vehicle and recovered the victim's wallet from underneath the vehicle's center console.  Garcia was the driver of the vehicle.  The officer also recovered the following from Garcia's pants pocket:  the victim's driver's license, visa card, and state residence card.  The officer also found a gun and ammunition in the vehicle.

## III.    Procedural history

On July 17, 2014, the People filed an amended information charging Garcia with second degree robbery (count 1) and possession of ammunition by a felon (count 2).  The amended information alleged that Garcia had a prior sustained juvenile petition for assault with a firearm and a prior felony for voluntary manslaughter.  Although the People alleged that both priors qualified as strikes[2] under the Three Strikes law, the amended information only pleaded the prior felony for voluntary manslaughter qualified as a five-year serious felony enhancement under section 667, subdivision (a).  Garcia pleaded not guilty; on July 22 and 23, 2014, the jury convicted him of both counts.

---

[2] A strike is a prior felony conviction or juvenile adjudication that subjects a defendant to the increased punishment specified in the Three Strikes law.

4

Garcia admitted the two priors as felony convictions pursuant to the Three Strikes law, but he only admitted the prior voluntary manslaughter as basis for the five-year serious felony enhancement under section 667, subdivision (a). The trial court first asked Garcia, "As to the prior convictions pursuant to 1170.12 and 667, subsection (b), do you admit you suffered a prior conviction in PJ, that's paul, john, 06171, for a violation of P.C.—or Penal Code section 245, subsection (a), subsection (2), as a felony, conviction date of 8/14 of '95 in L.A. County Juvenile Court?" Garcia responded, "Yes." Next, the trial court asked Garcia, "Do you also admit you suffered a felony conviction in case LA, that's lincoln, adam, 032732, for a felony violation of Penal Code section 192, subsection (a) on 12/28/07, in L.A. County Superior Court?" Garcia replied, "Yes." Subsequently, the trial court asked Garcia, "Do you also admit, pursuant to 667, subsection (a), subsection (1), that you suffered the following serious felony in case LA032732, for 192(a) of the Penal Code, conviction date 12/28/2007, in L.A. County Superior Court?" Garcia's response was "Yes."

The trial court sentenced Garcia to 11 years and 4 months, plus 25 years to life, plus two additional five-year serious felony enhancements. On count 1, in light of the two priors, the trial court sentenced Garcia to 25 years to life as the base term pursuant to the Three Strikes law. Next, the trial court added <u>two</u> five-year enhancements pursuant to section 667, subdivision (a)—one for the prior juvenile assault with a firearm, one for the prior adult conviction for voluntary manslaughter. The trial court specifically stated: "And the court will also order an additional term of ten years, pursuant to 667, subsection (a). [¶] He has two priors for that. It's five for each, doubling it, for a total of ten years, under that particular allegation." The minute order later indicated: "The court orders the defendant to serve 25 years to life as to the base term count 01, plus an additional 5 years pursuant to the defendant's admission of the prior within the meaning of Penal Code section 667(a)(1). The sentence is further increased by an additional 5 years pursuant to the defendant's admission of the strike allegations within the meaning of Penal Code section 1170.12(a)-(d) and 667(b)-(i), for a state prison sentence of 10 years, plus 25 years to life as to the base term count 01. [¶] The court states for the record that this is a

5

third strike case." The abstract of judgment indicated a 10-year enhancement pursuant to section 667, subdivision (a), that is, two five-year enhancements. On count 2, the trial court sentenced Garcia to one-third of the midterm of eight months, doubled to 16 months pursuant to the Three Strikes law.

## DISCUSSION

Garcia argues that his prior juvenile adjudication for assault with a firearm is not a serious felony conviction pursuant to section 667, subdivision (a), and therefore the trial court erred in imposing an additional five-year serious felony enhancement based on his prior juvenile adjudication. Garcia relies on *People v. West* (1984) 154 Cal.App.3d 100 (*West*), which concluded that "the defendant's prior juvenile adjudications were not 'prior conviction[s]' within the meaning of Penal Code section 667, subdivision (a)" and thus the "trial court erred in imposing the two five-year enhancements." (*Id.* at p. 110.)

The People do not dispute that Garcia's 1995 prior was a juvenile adjudication. In their brief, the People do not address the issue of whether Garcia's juvenile adjudication constitutes a prior conviction under section 667, subdivision (a). They instead argue the trial court did not err because juvenile adjudications can serve as strikes under the Three Strikes law, based on subdivisions (b) to (i) of section 667.

The issue on appeal is whether Garcia's prior juvenile adjudication can be the basis for a five-year serious felony enhancement pursuant to section 667, <u>subdivision (a)</u>. We do not review the trial court's use of Garcia's prior juvenile adjudication as a strike to set the base term at 25 years to life under the Three Strikes law, section 667, <u>subdivisions (b) to (i)</u>. We treat subdivision (a) differently than subdivisions (b) to (i). Section 667, subdivision (d) expressly mandates that a juvenile adjudication constitutes a prior felony conviction under the Three Strikes law, section 667, subdivisions (b) to (i): "Notwithstanding any other law and for the purposes of subdivisions (b) to (i), inclusive, a prior conviction of a serious and/or violent felony shall be defined as  [¶] . . . [¶] . . . A prior juvenile adjudication shall constitute a prior serious and/or violent felony conviction for purposes of sentence enhancement if [certain conditions exist]." (§ 667, subd. (d); see *People v. Nguyen* (2009) 46 Cal.4th 1007, 1015, 1028.) No such provision exists for

6

subdivision (a).  In *West* and its progeny, based on a plain reading of the statute, appellate courts have concluded that section 667, subdivision (a) does not apply to a prior juvenile adjudication.  (*West*, *supra*, 154 Cal.App.3d at p. 110; *People v. Smith* (2003) 110 Cal.App.4th 1072, 1080, fn. 10; *People v. O'Neal* (2000) 78 Cal.App.4th 1065, 1068.) As we have explained, "although the Legislature (and the electorate) elected to treat certain juvenile adjudications as prior felonies for purposes of the Three Strikes law, juvenile adjudications cannot be considered . . . a prior serious felony conviction for purposes of the mandatory five-year enhancement in section 667, subdivision (a)." (*Smith*, at p. 1080, fn. 10.)

Garcia is thus correct that courts cannot use a prior juvenile adjudication to enhance a sentence for a subsequent adult serious felony conviction under section 667, subdivision (a).  The trial court in this case erred in adding a five-year serious felony enhancement to Garcia's sentence based on his prior juvenile adjudication pursuant to section 667, subdivision (a).

## DISPOSITION

The judgment is modified by striking the five-year sentence enhancement imposed based on the juvenile adjudication pursuant to section 667, subdivision (a).  The superior court is directed to prepare an amended abstract of judgment reflecting this modification and forward a copy to the Department of Corrections and Rehabilitation.  As so modified, the judgment is affirmed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


CHANEY, Acting P. J.


LUI, J.

7